UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ERICKA MISHEL TOAQUIZA COCHA,    )
                                 )
            Petitioner,          )    Civil Action No. 4:26-CV-00285-CHB
                                 )
v.                               )
                                 )    **ORDER DISMISSING CASE**
JASON WOOSLEY,                   )
In his official capacity as Jailer of the    )
Grayson County Detention Center, *et al.*,    )
                                 )
            Respondents.         )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Respondents' Status Report. [R. 16]. The Court previously ordered Respondents to consider the impact of the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, -- F. 4th --, 2026 WL 1283891 (6th Cir. May 11, 2026). [R. 15]. The Court further ordered that, to the extent the present matter raises only a legal question of whether § 1225(b)(2)(A) or § 1226(a) governs the petitioner's detention and whether continued detention without a bond hearing violates due process, the Respondents must immediately release Petitioner or, in the alternative, provide Petitioner with a bond hearing before a neutral Immigration Judge under 8 U.S.C. § 1226(a). *Id.* The respondents now advise that "an immigration judge ordered Petitioner to be removed to Ecuador because Petitioner did not assert any arguments against her removability, and she did not file any applications for relief . . . [n]either party reserved the right to appeal," and they do not identify any other unresolved legal issues. [R. 16, pp. 1–2]; *see also* [R. 16-1, p. 3]. Thus, the entry of the removal order by the Immigration Judge, taken together with Petitioner's waiver of her right to appeal that order, terminated any removal proceedings such that Petitioner no longer awaits a decision on removal. Accordingly, Petitioner no longer falls under

- 1 -

§ 1226(a), meaning any ruling on her challenge to her detention without a bond hearing would not make a difference to her legal interests, rendering her petition moot. *See Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) (finding the conclusion of the petitioner's appeals process meant Petitioner was detained pursuant to § 1231 and thereby rendered petitioner's challenge to detention under § 1226 moot). Because Petitioner's challenge to her detention is moot, the Court lacks jurisdiction over her claim.

Accordingly, the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, [**R. 1**], is **DENIED as moot**.

2. This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

3. A separate judgment shall be entered.

This the 22nd day of May, 2026.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY